UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BRADLEY,

    Plaintiff,                           Case Number 18-13679
                                             Honorable David M. Lawson
v.                                                 Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**<ins>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</ins>**

Plaintiff Patricia Bradley, a 42-year-old woman, says that she cannot work because of a variety of physical and mental disabilities. Her application for disability insurance benefits under Title II of the Social Security Act was denied after an administrative hearing, and she filed this case seeking review of the Commissioner's decision. The case was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on December 11, 2019, recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be

affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

Bradley, who is now 42 years old, filed her application for disability benefits on January 20, 2016, when she was 37. She received a GED and previously worked as a telemarketer, waitress, and retail attendant. She alleges that she is disabled as a result of anxiety, bipolar disorder, post-traumatic stress disorder (PTSD), antisocial personality disorder, and back pain. In her application for benefits, the plaintiff alleged a disability onset date of July 1, 2015.

Bradley filed an earlier application for disability benefits that was denied in September 2012 after a hearing before an ALJ. Her more recent application for disability benefits was denied initially on July 1, 2016. She timely filed a request for an administrative hearing, and on December 15, 2017, she appeared before ALJ Lauren G. Burstein. On March 23, 2018, ALJ Burstein issued a written decision in which she found that Bradley was not disabled. On October 12, 2018, the Appeals Council denied Bradley's request for review of the ALJ's decision. On November 26, 2018, the plaintiff filed her complaint seeking judicial review of the denial of her requested benefits.

ALJ Burstein considered the prior ALJ's decision and adopted those prior findings, with some exceptions. She concluded that new evidence furnished a basis for making some different findings on Bradley's severe impairments and residual functional capacity (RFC), which she adjusted accordingly. ALJ Burstein determined that Bradley was not disabled by applying the five-step sequential analysis prescribed by the Secretary of Social Security in 20 C.F.R. § 404.1520.

At step one of the analysis, ALJ Burstein found that Bradley had not engaged in substantial gainful activity since July 1, 2015. At step two, she found that Bradley suffered from status-post elbow dislocation, back pain, obesity, chronic obstructive pulmonary disease (COPD), bipolar disorder, antisocial personality disorder, anxiety, and PTSD — impairments that were "severe" within the meaning of the Social Security Act. ALJ Burstein then determined that Bradley's other impairments — alcohol abuse, carpal tunnel syndrome, vitamin D deficiency, and iron deficiency anemia — were not severe. The ALJ also found that Bradley's alleged schizophrenia constituted a non-medically determinable impairment because the allegation was not substantiated by medically acceptable clinical or laboratory diagnostic techniques furnished by an acceptable medical source. At step three, ALJ Burstein determined that none of the severe impairments, alone or in combination, met or equaled a listing in the regulations.

Before proceeding further, the ALJ determined that Bradley retained the functional capacity to perform light work as defined in 20 CFR 404.1567(b), with certain limitations. The ALJ determined that Bradley (1) could use hand controls frequently, (2) could occasionally climb ramps and stairs but never ladders, ropes, or scaffolds, (3) should avoid hazards like unprotected heights and hazardous machinery, (4) should avoid exposure to excessive vibrations, (5) could work only in a clear-air environment with stable temperatures and low levels of pulmonary irritants, (6) was limited to simple, routine, and repetitive tasks, (7) must be free of fast-paced production requirements with few workplace changes, (8) may only make simple work-related decisions, and (9) was able to interact occasionally with supervisors and coworkers but must avoid tandem tasks and working with the public.

At step four of the analysis, the ALJ found that the plaintiff is unable to perform her past relevant work as a telemarketer or retail attendant, which was unskilled and required sedentary or light exertion, respectively. At step five, the ALJ found that, based on Bradley's RFC, and relying on the testimony of a vocational expert, the plaintiff could perform the duties of representative occupations including hand packager (over 80,000 positions in the national economy), small products assembler (over 80,000 positions in the national economy), and visual inspector (over 80,000 positions in the national economy). Based on those findings, and noting that a "not disabled" finding would have been directed when using Medical Vocational Rule 202.21 as a framework the for decision, the ALJ concluded, therefore, that Bradley was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, Bradley raised two arguments. First, she contended that the ALJ's RFC finding was unsupported by the record because the record was devoid of any RFC assessments from any physician or psychiatrist consistent with the ALJ's finding. Second, Bradley argued that the ALJ's assessment did not meet the articulation requirements of Social Security Ruling (SSR) 96-8p because it was conclusory and did not contain any rationale or reference to supporting evidence.

The magistrate judge rejected those arguments. He found that the ALJ drew on several sources in determining Bradley's RFC and provided a thorough rationale for declining to adopt many of the medical opinions in their entirety and instead according partial weight to the various consultative and non-examining sources. Judge Whalen suggested that the ALJ properly rejected a September 2013 disability finding by a treating source because it was made almost two years

before the alleged onset of disability of July 1, 2015. Moreover, none of the plaintiff's treating providers for the relevant period found that the plaintiff was physically incapable of performing work within her RFC. Judge Whalen also suggested that the ALJ satisfied SSR 96-8p, even though he did not set out in writing a function-by-function analysis, because the ALJ discussed Bradley's ability to perform work in relation to the limitations he found were supported by the medical and non-medical sources in the record.

The plaintiff filed two objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a

party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

In her first objection, Bradley argues that the magistrate judge erred when he stated that SSR 96-8p does not require ALJs to produce detailed function-by-function analyses in writing and that they "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." ECF No. 19, PageID.814. The plaintiff believes that *Rogers v. Commissioner of Social Security*, 486 F.3d 234 (6th Cir. 2007), supports her position. But, as the Commissioner pointed out, *Rogers* did not address SSR 96-8p's requirements at all. Instead, *Rogers* expounded the requirements of SSR 96-2p and 20 C.F.R. § 416.927(d)(2), which prescribe the findings an ALJ must make when choosing to discount the opinions of a treating physician. 486 F.3d at 242.

SSR 96-8p requires the ALJ to "*assess* [a claimant's] work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374984, at *1 (S.S.A. July 2, 1996). Those "functions" include a claimant's lifting, carrying, standing, walking, sitting, pushing, and pulling abilities, and her non-exertional capacities, which include manipulative, postural, visual, communicative, and mental functions. 20 CFR 404.1545(b)–(d). But the "case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002).

Here, the ALJ discussed all of Bradley's *relevant* functional limitations and made allowances for them in the RFC. The ALJ tied each of the limitations to medical and non-medical evidence in the record that the AL found credible. The decision is thorough, cogent, integrated, and well-annotated. Her determination of Bradley's RFC was well explained, supported by the record, and within the "zone of choice" accorded to administrative factfinders. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The ALJ's RFC determination is supported by substantial evidence in the record. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). The first objection will be overruled.

2. Second Objection

Bradley also argues that the magistrate judge erred by not taking into account her subjective complaints. The plaintiff again cites *Rogers*, 486 F.3d at 241, for the proposition that some conditions should not be assessed using primarily objective findings because subjective pain complaints play an important role in the diagnosis and treatment of those conditions. The plaintiff maintains that she was diagnosed with conditions that rely on subjective findings, such as anxiety, bipolar disorder, antisocial personality disorder, PTSD, and back pain. The plaintiff takes issue with the magistrate judge's conclusion that the ALJ did not err by finding that Bradley's lack of mental health treatment undermined her claims of disabling psychological limitations. Bradley contends that the finding simply is not true and asserts that she was seeking help for her psychological conditions, was prescribed psychotropic medications, and received treatment for anxiety and bipolar disorder from Best Medical Center from August 11, 2015, to February 23, 2017.

Once again, *Rogers* is distinguishable because it dealt specifically with a diagnosis of fibromyalgia. The significance of that diagnosis is that "fibromyalgia can be a severe impairment and that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers*, 486 F.3d at 243. In this case, the ALJ discounted Bradley's testimony describing her limitations not because there was no objective evidence, but because her testimony was contradicted by the medical records, including her history, which contained contradictory self-reports.

Nor did the ALJ err by noting the lack of specialized mental health treatments. Judge Whalen was sensitive to the notion that failure to seek mental health treatment can itself be a symptom of a mental impairment. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009). But the import of the ALJ's observation was more focused on Bradley's primary care physicians, who saw her at least monthly, treated her for her mental health conditions, and apparently determined that she did not need a referral to a mental health specialist. That inference was permissible. *See Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 789 (6th Cir. 2017), *aff'd sub nom. Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (approving reliance on evidence that the claimant cancelled psychology appointments and discontinued medication against medical advice as "a pattern of behavior the ALJ reasonably interpreted as undermining [the claimant's] credibility").

When the ALJ discounted Bradley's testimony describing her limitations, she necessarily made a credibility determination, which informed her RFC decision. In fashioning the RFC, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not

required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). That is what the ALJ did here.

The plaintiff's second objection will be overruled.

* * * * * * * * *

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered both of Bradley's objections to the report and recommendation and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 19) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 21) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 13) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 18) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:  March 18, 2020

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 18, 2020.

                     s/Susan K. Pinkowski
                     SUSAN K. PINKOWSKI